# Exhibit A

Mecklenburg County Clerk of Superior Court

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
                                     SUPERIOR COURT DIVISION

COUNTY OF MECKLENBURG            25CV0    25CV051333-590

| | |
|---|---|
| JOSEPH CATALDI, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **VERIFIED COMPLAINT** |
| GARRY MCFADDEN, in his official | ) (Jury Trial demanded) |
| capacity as Sheriff of Mecklenburg | ) |
| County; GARRY MCFADDEN, | ) |
| individually; JOHN DOE DEPUTIES | ) |
| 1–10, individually and in their official | ) |
| capacities; PLATTE RIVER | ) |
| INSURANCE COMPANY, Surety on | ) |
| the official bond of Sheriff | ) |
| Garry McFadden, | ) |
| | ) |
|      Defendants. | ) |

## INTRODUCTION

1. This action arises from the wrongful publication by the Mecklenburg County Sheriff's Office of false, defamatory, and stigmatizing information concerning Plaintiff Joseph Cataldi.

2. On January 10, 2023, Plaintiff was arrested by deputies of the Mecklenburg County Sheriff's Office on felony warrants for obtaining property by false pretenses and felony conspiracy

3. While being booked, Sheriff's deputies took Plaintiff's mugshot and posted it on the Sheriff's official public inmate information website.

4. The Sheriff's Office falsely published that Plaintiff was charged with Felony Class E Sex Act: Sub Parent/Custodian and Sexual Battery

1

Case 3:26-cv-00318    Document 1-1    Filed 04/22/26    Page 2 of 55
Electronically Filed Date: 9/26/2025 11:04 AM Mecklenburg County Clerk of Superior Court

5. These false postings publicly branded Plaintiff as a sex offender and subjected him to humiliation, ridicule, and harassment within his community.

6. All criminal charges actually brought against Plaintiff were later dismissed and expunged from his record

## VENUE AND JURISDICTION

7. Venue is proper in Mecklenburg County pursuant to N.C. Gen. Stat. § 1-76.

8. This Court has jurisdiction pursuant to N.C. Gen. Stat. § 7A-243 and because Plaintiff asserts claims for damages in excess of $25,000.

## PARTIES

9. Plaintiff Joseph Cataldi is a resident of Mecklenburg County, North Carolina.

10. Defendant Garry McFadden is the duly elected Sheriff of Mecklenburg County and is sued herein (i) in his official capacity as Sheriff, and (ii) individually for his personal involvement and supervisory liability.

11. Upon information and belief, Sheriff McFadden has secured liability insurance and or a surety bond, applicable to liability from any negligence, tortious conduct, or any other cause of action as alleged in this Complaint by employees and/or agents acting within the course and scope of their employment of the Mecklenburg County Sheriffs Office, and therefore waives any and all claims for municipal immunity.

12. Upon information and belief, Defendant Platte River Insurance Company is the surety on the official bond of Defendant McFadden as Sheriff of Mecklenburg County pursuant to N.C. Gen Stat 162-8 and 58-76-5.

13. Based on information and belief, Sheriff McFadden maintained an official bond issued in the amount as required by N.C. Gen. Stat.§ 162-8 and laws of North Carolina.

14. The official surety bond issued to Defendant McFadden and the deputies of his office as Sheriff of Mecklenburg County, covers damages resulting from the

2

neglect, misconduct, or misbehavior of the Sheriff or his deputies in the performance of their official duties.

15. Subject matter jurisdiction is therefore appropriate and proper, and any and all such municipal, county, governmental, or sovereign immunity is and has been fully waived pursuant to North Carolina law, including but not limited to N.C. Gen. Stat. §160A-485 and/or N.C. Gen. Stat. §153A-435.

16. Upon information and belief, Mecklenburg County Sheriff McFadden and the Defendant deputies, agents, and employees waived any governmental immunity to the extent that he had in force at all relevant times, bonds, additional bonds, and plans of insurance entered pursuant to N.C. Gen. Stat. § 153A-435 and/or participation in a local government risk pool pursuant to the provisions of Article 39 of North Carolina General Statute Chapter 58, to cover acts, omissions, negligence, and/or misconduct as alleged hereinafter by Plaintiff.

17. Defendant Sheriff Deputy Harris has waived the defense of governmental immunity, pursuant to North Carolina General Statute§153A-435, to the tort claims alleged by the Plaintiff herein.

18. Defendant John Doe Deputies 1–10 are deputies of the Mecklenburg County Sheriff's Office whose names and identities are presently unknown but who participated in, directed, or supervised the acts complained of herein. They are sued in their individual and official capacities.

19. Defendant Platte River Insurance Company is the surety on Sheriff McFadden's official bond, pursuant to N.C. Gen. Stat. § 162-8, and is joined to answer for official-capacity claims.

<u>FACTUAL ALLEGATIONS</u>

13. Plaintiff incorporates paragraphs 1–12 as if fully set forth herein.

3

14. On January 10, 2023, Plaintiff was arrested by Mecklenburg County deputies at his residence on charges of felony obtaining property by false pretenses and felony conspiracy.

15. Deputies booked Plaintiff, took his mugshot, and uploaded his information to the Mecklenburg County Sheriff's public inmate information website.

16. The Sheriff's website falsely listed Plaintiff's charges as **"SEX ACT: SUB PARENT/CUSTODIAN – CLASS E FELONY" and "SEXUAL BATTERY"**

17. Plaintiff has never been arrested, charged, or indicted for any sexual offense.

18. The false information was publicly accessible online, including Plaintiff's photograph, height, weight, and booking information, and remained available for days.

19. As a result, neighbors, community members, and Plaintiff's family saw the posting and believed Plaintiff had been arrested for sexually assaulting a child or vulnerable person.

20. Plaintiff and his wife received calls from concerned neighbors offering support regarding the supposed sex assault charges

21. Plaintiff suffered extreme emotional distress, humiliation, reputational damage, and ongoing stigma.

22. The Sheriff and his deputies failed to verify the accuracy of charges before publishing them on the Sheriff's website.

23. Sheriff McFadden, as final policymaker, is responsible for the policies, training, and supervision concerning booking procedures and publication of arrest information.

24. The false publication occurred because of the Sheriff's failure to implement adequate policies, training, and supervision, and/or due to the negligence, recklessness, or willful misconduct of deputies under his command.

4

## FIRST CAUSE OF ACTION
## NEGLIGENCE/GROSS NEGLIGENCE
(Against Sheriff McFadden in official capacity, Surety, and John Doe Deputies)

25. Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

26. Defendants owed Plaintiff a duty to exercise reasonable care in recording, processing, and publishing his arrest information.

27. Defendants breached that duty by publishing false, incorrect, and defamatory charges.

28. Defendants' conduct was grossly negligent, reckless, and in callous disregard of Plaintiff's rights.

29. Mecklenburg County Sheriff McFadden owed a duty to Plaintiff and the general public to ensure that its agents, deputies, investigators, and employees performed their duties in a manner that did not publish false and defaming arrest information.

30. Defendants breached these duties with regard to Plaintiff in several ways, including but not limited to the following:

31. Sheriff McFadden failed to ensure that his deputies did not publish false and defamatory information about arrestees.

32. Sheriff McFadden failed to ensure that the Mecklenburg County Sheriff's Office established reasonable and appropriate policies and procedures governing booking procedures and posts to public websites.

33. Sheriff McFadden failed to ensure that the Mecklenburg County Sheriff's Office established reasonable and appropriate policies regarding the booking process and information that is posted on public websites concerning an arrestee's charges.

5

34. Defendants failed to comply with the rules and regulations of the Mecklenburg County Sheriff's Office.

35. They were careless and negligent in such other ways as may be identified during the course of discovery and/or trial.

36. Defendants' negligent acts and omissions are the direct and proximate cause of the severe and permanent injuries for which Plaintiff is entitled to recover damages under North Carolina law.

37. At all times relevant to the incident alleged herein, Defendants John Doe committed the negligent acts and omissions alleged while acting within the course and scope of their employment and/or agency with the Mecklenburg County Sheriff's Office and Sheriff McFadden. As such, Defendant McFadden is liable for the negligent acts and omissions of Defendants John Doe, and their negligence is imputed to the Sheriff McFadden through the doctrines of agency, vicarious liability, and *respondeat superior.*

38. Plaintiff is entitled to recover from the Defendants, jointly and severally, an amount in excess of Twenty-five Thousand Dollars ($25,000.00) as a result of Defendants' negligence, gross negligence, and/or willful and wanton negligence.

<div align="center">

**SECOND CAUSE OF ACTION**
**DEFAMATION (LIBEL PER SE)**
**(Against Sheriff McFadden, individually and officially, and John Doe Deputies)**

</div>

39. Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.


29. Defendants published false statements that Plaintiff was charged with sexual crimes.

30. These false publications were communicated to third parties via the Sheriff's official website.

<div align="center">6</div>

31. False accusations of criminal sexual conduct constitute defamation per se under North Carolina law.

32. Plaintiff suffered presumed damages, as well as actual damages to his reputation, standing in the community, and mental health.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
### (Against Sheriff McFadden, individually and officially, and John Doe Deputies)

40. Plaintiff hereby incorporates the allegations contained in prior paragraphs of this Complaint, by reference thereto, as if herein fully set forth.

33. Defendants' conduct in publishing Plaintiff's mugshot with false sex charges was extreme, outrageous, and beyond the bounds of decency.

34. Such conduct was intended to, or recklessly disregarded the high probability it would, cause Plaintiff severe emotional distress.

35. Plaintiff did in fact suffer severe distress, humiliation, and emotional trauma.

## FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NIED)
### (Against all Defendants)

36. Defendants negligently published false criminal charges concerning Plaintiff.

37. Such negligence was a foreseeable cause of Plaintiff's severe emotional distress.

38. Plaintiff suffered genuine and severe distress as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. Enter judgment against Defendants on all counts;

2. Award compensatory damages in an amount exceeding $25,000;

3. Award punitive damages as allowed by law;

7

4. Award attorney's fees and costs;

5. Grant such other and further relief as the Court deems just.

This the 19th day of September, 2025.

/s/James W. Surane
James W. Surane (NC Bar #19296)
Attorney for Plaintiff
20460 Chartwell Center Dr. #3
Cornelius, NC 28031
T: (704)895-5885
F: (866)410-6311

8

# VERIFICATION

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

Joseph Cataldi being first duly sworn, deposes and says that he has read the foregoing document and knows the contents thereof; that matters and things alleged therein are true of his own knowledge and belief, except to those matters stated upon information and as to those matters believe them to be true.

_____(SEAL)

Sworn to and subscribed before me
This the 24 day of September, 2025.

_____
Notary Public
My Commission Expires:



9

# STATE OF NORTH CAROLINA

MECKLENBURG County

File No.
25CV051333-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff |
| --- |
| JOSEPH CATALDI |

| Address |
| --- |
| c/o James W. Surane, Attorney at Law 2046 Chartwell Ctr Dr #3 |

| City, State, Zip | | |
| --- | --- | --- |
| Cornelius | NC | 28031 |

**VERSUS**

**CIVIL SUMMONS**

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) |
| --- |
| GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County; GARRY MCFADDEN, individually; JOHN DOE DEPUTIES 1-10; PLATTE RIVER INSURANCE CO, Surety on the official bond of Sheriff Garry McFadden |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| --- | --- |
| JOHN DOE DEPUTIES 1-10, individually and in their official capacities<br>700 E. 4th St<br>Charlotte NC 28204 | |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time | |
| --- | --- | --- | --- |
| JAMES W. SURANE, ATTORNEY AT LAW<br><br>20460 CHARTWELL CENTER DR. #3<br>CORNELIUS NC 28031 | 9/26/2025 11:15:52am | ☐ AM ☐ PM | |
| | Signature /s/Haveson | | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
| --- | --- | --- | --- |
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No.
25CV051333-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff**<br>JOSEPH CATALDI | |
| **Address**<br>c/o James W. Surane, Attorney at Law 2046 Chartwell Ctr Dr #3 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **City, State, Zip**<br>Cornelius    NC    28031 | |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| **Name Of Defendant(s)**<br>GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County; GARRY MCFADDEN, individually; JOHN<br><br>DOE DEPUTIES 1-10; PLATTE RIVER INSURANCE CO, Surety on the official bond of Sheriff Garry McFadden | **Date Original Summons Issued**<br><br>**Date(s) Subsequent Summons(es) Issued** |

## To Each Of The Defendant(s) Named Below:

| **Name And Address Of Defendant 1**<br>GARRY MCFADDEN, individually<br><br>700 E. 4th St<br>Charlotte                      NC    28204 | **Name And Address Of Defendant 2** |
|---|---|

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| **Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**<br>JAMES W. SURANE, ATTORNEY AT LAW<br><br>20460 CHARTWELL CENTER DR. #3<br>CORNELIUS                      NC    28031 | **Date Issued** 9/26/2025 **Time** 11:15:52am ☐ AM ☐ PM |
| | **Signature** /s/Haverson |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court |

| | |
|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement**   **Time** ☐ AM ☐ PM |
| | **Signature** |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

| | **RETURN OF SERVICE** | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

MECKLENBURG County

File No.
25CV051333-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
| --- | --- |
| JOSEPH CATALDI | |

Address
c/o James W. Surane, Attorney at Law 2046 Chartwell Ctr Dr #3

| City, State, Zip | | |
| --- | --- | --- |
| Cornelius | NC | 28031 |

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**VERSUS**

Name Of Defendant(s)
GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County; GARRY MCFADDEN, individually; JOHN DOE DEPUTIES 1-10; PLATTE RIVER INSURANCE CO, Surety on the official bond of Sheriff Garry McFadden

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| --- | --- |
| GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County 700 E. 4th St Charlotte          NC          28204 | |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
| --- | --- | --- |
| JAMES W. SURANE, ATTORNEY AT LAW <br><br> 20460 CHARTWELL CENTER DR. #3 <br> CORNELIUS          NC          28031 | 9/26/2025 11:15:52am  ☐ AM  ☐ PM | |
| | Signature  /s/Haverson | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) <br> This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
| --- | --- | --- |
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

MECKLENBURG County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | | |
|---|---|---|
| JOSEPH CATALDI | | |

**CIVIL SUMMONS**

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

| Address | | |
|---|---|---|
| c/o James W. Surane, Attorney at Law 2046 Chartwell Ctr Dr #3 | | |

| City, State, Zip | | |
|---|---|---|
| Cornelius | NC | 28031 |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County; GARRY MCFADDEN, individually; JOHN DOE DEPUTIES 1-10; PLATTE RIVER INSURANCE CO, Surety on the official bond of Sheriff Garry McFadden | Date(s) Subsequent Summons(es) Issued |

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| PLATTE RIVER INSURANCE CO C/O Mike Causey, Commissioner of Insurance, Registered Agent 1201 Mail Service Center Raleigh                     NC          27699 | |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| JAMES W. SURANE, ATTORNEY AT LAW | 9/26/2025 | 11:15:52am | ☐ AM   ☐ PM |
| 20460 CHARTWELL CENTER DR. #3 | Signature | /s/Hare Fann | |
| CORNELIUS                     NC          28031 | ☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ AM   ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: (type or print name) | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: (type or print name) | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

JOSEPH CATALDI

        Plaintiff,

v.

GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County, GARRY MCFADDEN, individually; JOHN DOE DEPUTIES 1-10, individually and in their official capacities; PLATTE RIVER INSURANCE COMPANY, Surety on the official bond of Sheriff Garry McFadden

        Defendants

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV051333-590

**ANSWER OF DEFENDANTS**

Defendants Garry McFadden and Platte River Mecklenburg County answer the numbered paragraphs of Plaintiff's Complaint as follows:

## INTRODUCTION

1. Defendants deny the allegations of this paragraph.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

Electronically Filed Date: 10/29/2025 4:21 PM Mecklenburg County Clerk of Superior Court

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

## VENUE AND JURISDICTION

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

10. Defendants admit only that Garry McFadden is the elected Sheriff of Mecklenburg County. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

11. Defendants admit only that Sheriff McFadden has secured a surety bond. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

12. Defendants admit the allegations of this paragraph.

13. Defendants admit the allegations of this paragraph.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

15. Defendants deny the allegations of this paragraph.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

19. Defendants admit only that Platte River is Sheriff McFadden's surety. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

## **FACTUAL ALLEGATIONS**

13. No response is necessary for this paragraph.[1]

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

---

[1] Plaintiff's numbering goes from 19 to 13. Defendants will use the numbers as listed in Plaintiff's Complaint.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

23. Defendants admit the allegations of this paragraph.

24. Defendants deny the allegations of this paragraph.

<u>CLAIMS FOR RELIEF:</u>

<u>FIRST CAUSE OF ACTION</u>

25. No response is necessary for this paragraph.

26. Defendants deny the allegations of this paragraph.

27. Defendants deny the allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. Defendants deny the allegations of this paragraph.

30. Defendants deny the allegations of this paragraph.

31. Defendants deny the allegations of this paragraph.

32. Defendants deny the allegations of this paragraph.

33. Defendants deny the allegations of this paragraph.

34. Defendants deny the allegations of this paragraph.

35. Defendants deny the allegations of this paragraph.

36. Defendants deny the allegations of this paragraph.

37. Defendants deny the allegations of this paragraph.

38.     Defendants deny the allegations of this paragraph.

## SECOND CAUSE OF ACTION

39.     No response is necessary for this paragraph.

29.     Defendants deny the allegations of this paragraph.[2]

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

32.     Defendants deny the allegations of this paragraph.

## THIRD CAUSE OF ACTION

40.     Defendants deny the allegations of this paragraph.[3]

33.     Defendants deny the allegations of this paragraph.[4]

34.     Defendants deny the allegations of this paragraph.

35.     Defendants deny the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

36.     Defendants deny the allegations of this paragraph.

37.     Defendants deny the allegations of this paragraph.

38.     Defendants deny the allegations of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

---

[2]     Plaintiff's numbering goes from 39 to 29.  Defendants will use the numbers as listed in Plaintiff's Complaint.
[3]     Plaintiff's numbering goes from 32 to 40.  Defendants will use the numbers as listed in Plaintiff's Complaint.
[4]     Plaintiff's numbering goes from 40 to 33.  Defendants will use the numbers as listed in Plaintiff's Complaint.

## SECOND AFFIRMATIVE DEFENSE

The defamation claim is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendant Garry McFadden in his official capacity is entitled to governmental immunity.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Garry McFadden in his individual capacity is entitled to public official immunity.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to absolute and or qualified privilege for the defamation claim.

WHEREFORE, having fully answered the Complaint, Defendants respectfully prays the Court as follows:

1. That the Complaint against Defendants be dismissed and that Plaintiff have and recover nothing from Defendants;

2. For an award of costs and fees as allowed by law;

3. For a trial by jury on all issues so triable; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 29th day of October, 2025.

/s/ Sean F. Perrin
Sean F. Perrin (N.C. Bar No. 22253)
WOMBLE BOND DICKINSON (U.S.) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4992
Fax: (704) 338-7814
Sean.Perrin@wbd-us.com


*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2025, a copy of the foregoing was filed with the E-Courts filing system which will send a copy of this Answer to:

James Surane
jsurane@suranelawpllc.com

*/s/ Sean F. Perrin*
Sean F. Perrin

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

JOSEPH CATALDI

        Plaintiff,

v.

GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County, GARRY MCFADDEN, individually; JOHN DOE DEPUTIES 1-10, individually and in their official capacities; PLATTE RIVER INSURANCE COMPANY, Surety on the official bond of Sheriff Garry McFadden

        Defendants

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV051333-590

**DEFENDANTS' MOTION TO AMEND**

Defendants Garry McFadden and Platte River Insurance Company are filing this motion to amend their Amended Answer to Plaintiff's Complaint pursuant to North Carolina Rule of Civil Procedure 15 (a). Specifically, Defendants seek to amend their answer to deny paragraph 12 of Plaintiff's Complaint. In support of Defendants' motion, Defendants state as follows:

1. Plaintiff brought this suit against Garry McFadden, the Sheriff of Mecklenburg County, John Does, and Sheriff McFadden's purported surety, Platte River Insurance Company, over an incident arising from the posting of Plaintiff's mugshot in January 2023.

2. Paragraph 12 of Plaintiff's Complaint alleges that "Upon information and belief, Defendant Platte River Insurance Company is the surety on the official bond of Defendant McFadden as Sheriff of Mecklenburg County pursuant to N.C. Gen. Stat. § 162-8 and 58-76-5."

3. Defendants admitted this allegation in their answer on October 29, 2025. Defendants filed their Amended Answer the same day, in order to correct some typographical errors. Defendants admitted paragraph 12 in their Amended Answer.

4. On January 7, 2026, counsel learned that while Platte River held the surety bond when Sheriff McFadden took office on December 3, 2018, Platte River terminated the bond on December 22, 2021.

5. After that termination, Ohio Casualty became the surety bond-holder. *See* Exhibit 1.

6. Counsel informed Plaintiff's counsel about this issue on January 7, 2026.

7. Motions to amend are governed by North Carolina Civil Procedure Rule 15(a), which, provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

8. Justice requires that this motion be granted. In addition, Plaintiff will not be prejudiced in any way. There is no trial date set, discovery has not begun, and the amount of Ohio Casualty's surety bond, $ 25, 000, is the same as Platte River's bond. Defendants will also consent to any amendment of Plaintiff's Complaint to add the proper surety.

9. Defendants contacted Plaintiff's counsel on January 7, 2026, and February 3, 2026 about this motion, but he has not responded.

Wherefore, Defendants Garry McFadden and Platte River Insurance Company request that this Court grant their motion to amend their Amended Answer to paragraph 12 of Plaintiff's Complaint pursuant to North Carolina Rule of Civil Procedure 15 (a).

Respectfully submitted, this the 10th day of February 2026.

/s/ Sean F. Perrin
Sean F. Perrin (N.C. Bar No. 22253)
WOMBLE BOND DICKINSON (U.S.) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4992
Fax: (704) 338-7814
Sean.Perrin@wbd-us.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026 a copy of the foregoing was filed with the E-Courts filing system which will send a copy of this Answer to:


James Surane
jsurane@suranelawpllc.com

/s/ Sean F. Perrin
Sean F. Perrin

# EXHIBIT 1


**Liberty Mutual.**
SURETY

## PUBLIC OFFICIAL BOND

Liberty Mutual Surety
Attention: LMS Claims
P.O. Box 34526
Seattle, WA 98124
Phone: 206-473-6210
Fax: 866-548-6837
Email: HOSCL@libertymutual.com
www.LibertyMutualSuretyClaims.com

### KNOW ALL MEN BY THESE PRESENTS:

No. 32S616571

That we  Garry L. McFadden

of  600 East 4th Street, CHARLOTTE NC 28202

(Insert Full Name [top line] and Address [bottom line] of Principal)

, as Principal and The Ohio Casualty Insurance Company , a corporation organized and existing under the

laws of the State of  New Hampshire , (hereinafter called the Surety, are held and firmly bound unto

County of Mecklenburg, NC

700 E. 4th Street, Charlotte, NC 28202

(Insert Full Name [top line] and Address [bottom line] of Obligee)

in the aggregate and non-cumulative penal sum of  Twenty-Five Thousand Dollars

( $25,000 ) DOLLARS, for the payment of which, well and truly

to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

**WHEREAS,** the said Principal has been elected or appointed to (or holds by operation of law) the office of

Sheriff for a term

beginning on December 5, 2022   and ending on December 7, 2026 .

**Now, therefore, the condition of this Obligation is such** that if the said Principal shall well, truly and faithfully perform all official duties required by law of such official during the term aforesaid, then this obligation shall be void; otherwise it shall remain in full force and effect, subject to the following conditions:

First: That the Surety may, if it shall so elect, cancel this bond by giving thirty (30) days notice in writing to

County of Mecklenburg, NC

700 E. 4th Street, Charlotte, NC 28202 and

this bond shall be deemed canceled at the expiration of said thirty (30) days, the Surety remaining liable, however, subject to all the terms, conditions and provisions of this bond, for any act or acts covered by this bond which may have been committed by the Principal up to the date of such cancelation; and the Surety shall, upon surrender of this bond and its release from all liability hereunder, refund the premium paid, less a pro rate part thereof for the time this bond shall have been in force.

Second: That the Surety shall not be liable hereunder for the loss of any public moneys or funds occurring through or resulting from the failure of, or default in payment by, any banks or depositories in which any public moneys or funds have been deposited, or may be deposited, or placed to the credit, or under the control of the Principal, whether or not such banks or depositories were or may be selected or designed by the Principal or by other persons; or by reason of the allowance to, or acceptance by the Principal of any interest on said public moneys or funds, any law, decision, ordinance or statute to the contrary notwithstanding.

Third: That the Surety shall not be liable for any loss or losses, resulting from the failure of the Principal to collect any taxes, licenses, levies, assessments, etc., with the collection of which he may be chargeable by reason of his election or appointment as aforesaid.

SIGNED, SEALED and DATED 11/21/2022 .

Garry L. McFadden
The Ohio Casualty Insurance Company

By: _____
Aaron Steffey

Attorney-in-Fact

LMS-20911e 03/18

# OATH OF OFFICE

STATE OF _____  
                                    } SS  
County of _____

I, Garry L. McFadden _____ ,

do solemnly swear (or affirm) that I will support, protect and defend the Constitution of The United States and the Constitution of the State of _____ and that I will discharge the duties of my office of _____

Sheriff _____ with fidelity; that I have not paid or contributed, or promised to pay or contribute, either directly or indirectly, any money or other valuable thing to procure my nomination or election (or appointment), except for necessary and proper expenses expressly authorized by law; that I have not knowingly violated any election law of this State, or procured it to be done by others in my behalf; that I will not knowingly receive, directly or indirectly, any money or other valuable thing for the performance or non-performance of any act or duty pertaining to my office than the compensation allowed by law. So help me God.

_____  
Garry L. McFadden

Sworn to and subscribed before me this _____ day of _____ , _____

_____

LMS-20911e 03/18

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV051333-590

JOSEPH CATALDI

       Plaintiff,

v.

GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County, GARRY MCFADDEN, individually; JOHN DOE DEPUTIES 1-10, individually and in their official capacities; PLATTE RIVER INSURANCE COMPANY, Surety on the official bond of Sheriff Garry McFadden

       Defendants

**AMENDED ANSWER OF DEFENDANTS**

Defendants Garry McFadden and Platte River Insurance Company answer the numbered paragraphs of Plaintiff's Complaint as follows:

**INTRODUCTION**

1. Defendants deny the allegations of this paragraph.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

Electronically Filed Date: 10/29/2025 5:09 PM  Mecklenburg County Clerk of Superior Court

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

## <u>VENUE AND JURISDICTION</u>

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

## <u>PARTIES</u>

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

10. Defendants admit only that Garry McFadden is the elected Sheriff of Mecklenburg County. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

11. Defendants admit only that Sheriff McFadden has secured a surety bond. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

12. Defendants admit the allegations of this paragraph.

13. Defendants admit the allegations of this paragraph.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

15. Defendants deny the allegations of this paragraph.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

19. Defendants admit only that Platte River is Sheriff McFadden's surety. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

### FACTUAL ALLEGATIONS

13. No response is necessary for this paragraph.[1]

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

---

[1] Plaintiff's numbering goes from 19 to 13. Defendants will use the numbers as listed in Plaintiff's Complaint.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

23. Defendants admit the allegations of this paragraph.

24. Defendants deny the allegations of this paragraph.

<u>CLAIMS FOR RELIEF:</u>

<u>FIRST CAUSE OF ACTION</u>

25. No response is necessary for this paragraph.

26. Defendants deny the allegations of this paragraph.

27. Defendants deny the allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. Defendants deny the allegations of this paragraph.

30. Defendants deny the allegations of this paragraph.

31. Defendants deny the allegations of this paragraph.

32. Defendants deny the allegations of this paragraph.

33. Defendants deny the allegations of this paragraph.

34. Defendants deny the allegations of this paragraph.

35. Defendants deny the allegations of this paragraph.

36. Defendants deny the allegations of this paragraph.

37. Defendants deny the allegations of this paragraph.

38.     Defendants deny the allegations of this paragraph.

## SECOND CAUSE OF ACTION

39.     No response is necessary for this paragraph.

29.     Defendants deny the allegations of this paragraph.[2]

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, therefore they are denied.

32.     Defendants deny the allegations of this paragraph.

## THIRD CAUSE OF ACTION

40.     Defendants deny the allegations of this paragraph.[3]

33.     Defendants deny the allegations of this paragraph.[4]

34.     Defendants deny the allegations of this paragraph.

35.     Defendants deny the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

36.     Defendants deny the allegations of this paragraph.

37.     Defendants deny the allegations of this paragraph.

38.     Defendants deny the allegations of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

---

[2]     Plaintiff's numbering goes from 39 to 29.  Defendants will use the numbers as listed in Plaintiff's Complaint.

[3]     Plaintiff's numbering goes from 32 to 40.  Defendants will use the numbers as listed in Plaintiff's Complaint.

[4]     Plaintiff's numbering goes from 40 to 33.  Defendants will use the numbers as listed in Plaintiff's Complaint.

<h2 style="text-align:center"><strong><u>SECOND AFFIRMATIVE DEFENSE</u></strong></h2>

The defamation claim is barred by the statute of limitations.

<h2 style="text-align:center"><strong><u>THIRD AFFIRMATIVE DEFENSE</u></strong></h2>

Defendant Garry McFadden in his official capacity is entitled to governmental immunity.

<h2 style="text-align:center"><strong><u>FOURTH AFFIRMATIVE DEFENSE</u></strong></h2>

Defendant Garry McFadden in his individual capacity is entitled to public official immunity.

<h2 style="text-align:center"><strong><u>FIFTH AFFIRMATIVE DEFENSE</u></strong></h2>

Defendants are entitled to absolute and or qualified privilege for the defamation claim.

WHEREFORE, having fully answered the Complaint, Defendants respectfully prays the Court as follows:

1. That the Complaint against Defendants be dismissed and that Plaintiff have and recover nothing from Defendants;

2. For an award of costs and fees as allowed by law;

3. For a trial by jury on all issues so triable; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 29th day of October, 2025.

/s/ Sean F. Perrin

Sean F. Perrin (N.C. Bar No. 22253)
WOMBLE BOND DICKINSON (U.S.) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4992
Fax: (704) 338-7814
Sean.Perrin@wbd-us.com

*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2025, a copy of the foregoing was filed with the E-Courts filing system which will send a copy of this Answer to:

James Surane
jsurane@suranelawpllc.com

*/s/ Sean F. Perrin*
Sean F. Perrin

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

JOSEPH CATALDI

        Plaintiff,

v.

GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County, GARRY MCFADDEN, individually; JOHN DOE DEPUTIES 1-10, individually and in their official capacities; PLATTE RIVER INSURANCE COMPANY, Surety on the official bond of Sheriff Garry McFadden

        Defendants

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV051333-590

**NOTICE OF HEARING ON DEFENDANTS' MOTION TO AMEND**

PLEASE TAKE NOTICE that Defendants Garry McFadden and Platte River Insurance Company, will bring their Motion to Amend for hearing on April 1, 2026, at 9:30 a.m. The hearing will be conducted remotely. Please sign onto the link below five minutes prior to the start time of your scheduled hearing. Please make certain your microphone is on mute prior to entering the hearing and your video is turned on at all times.

The remote Superior Court meeting rooms can be accessed by going to https://nccourts.webex.com/meet/meckcr6310.sh and selecting the "JOIN" tab. If you are unable to attend by video, you may join via phone by calling: 1-415-655-0001 US Toll and using Access code: 126 653 3213.

Please remember that, although this is a remote hearing, it is still an official court appearance. So normal courtroom decorum and dress codes still apply.

In compliance with North Carolina law, this hearing is open to the public.

Electronically Filed Date: 2/20/2026 12:12 PM Mecklenburg County Clerk of Superior Court

This hearing is being recorded by the Clerk of Court and will be maintained for purposes of establishing the official record.

Any other recording of this hearing is expressly prohibited, just as if we were appearing live in a courtroom, and anyone who makes an unauthorized recording may be subject to contempt of court.

All parties to the lawsuit should turn on their video.

Everyone should place themselves on "mute" and remain muted throughout the hearing unless it is your turn to speak.

To avoid talking over each other, please wait until the Court calls on you to speak.

And if you wish to be heard out of turn, please use the "raise hand" feature in WebEx. You may access that feature by clicking the "participants" button at the bottom of the screen. Once the participant list appears on the right-hand side of the window, hover over your name and a "raise hand" icon will appear. You may click the "raise hand" icon to obtain the court's attention or to lower your hand once recognized.

When it is your turn to speak, please speak slowly and clearly.

If you have documents you wish to electronically share with the Court and opposing party, please use the "share" button at the bottom of your screen.

Respectfully submitted, this 20th day of February 2026.

<div style="margin-left:50%">

*/s/ Sean F. Perrin*
Sean F. Perrin (N.C. Bar No. 22253)
WOMBLE BOND DICKINSON (U.S.) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4992
Fax: (704) 338-7814
Sean.Perrin@wbd-us.com
*Attorney for Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026 a copy of the foregoing was filed using E-Courts file and serve which will send a copy to:


James Surane
jsurane@suranelawpllc.com

/s/ Sean F. Perrin
Sean F. Perrin

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

JOSEPH CATALDI

      Plaintiff,

v.

GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County, GARRY MCFADDEN, individually; JOHN DOE DEPUTIES 1-10, individually and in their official capacities; PLATTE RIVER INSURANCE COMPANY, Surety on the official bond of Sheriff Garry McFadden

      Defendants

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV051333-590

**DEFENDANTS' NOTICE OF WITHDRAWAL OF MOTION TO AMEND**

      PLEASE TAKE NOTICE that Defendants Garry McFadden and Platte River Insurance Company withdraw their motion to amend their answer to Plaintiff's complaint set on for a web-ex hearing on April 1, 2026, at 9: 30 am for the following reason: the Parties have consented to Plaintiff filing an amended complaint which moots Defendants' motion.

      Respectfully submitted, this the 30th day of March 2026.

/s/ Sean F. Perrin
Sean F. Perrin (N.C. Bar No. 22253)
WOMBLE BOND DICKINSON (U.S.) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202
(704) 331-4992
Fax: (704) 338-7814
Sean.Perrin@wbd-us.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, a copy of the foregoing was filed with the E-Courts filing system which will send a copy to:


James Surane
jsurane@suranelawpllc.com

/s/ Sean F. Perrin
Sean F. Perrin

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

JOSEPH CATALDI,

    Plaintiff,

v.

GARRY MCFADDEN, in his official
capacity as Sheriff of Mecklenburg
County; GARRY MCFADDEN,
individually; JOHN DOE DEPUTIES
1–10, individually and in their official
capacities; PLATTE RIVER
INSURANCE COMPANY, Surety on
the official bond of Sheriff
Garry McFadden,

    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV051333-590

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## MOTION TO AMEND COMPLAINT BY CONSENT OF THE PARTIES

NOW COMES Plaintiff, Joseph Cataldi, and file this Motion for Leave to File Amended Complaint by Consent of the Parties and in support thereof would show the following:

1.    Pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, Plaintiff requests leave to file the Amended Complaint by Consent of the Parties attached hereto as Exhibit "A".

This the 29th day of March, 2026.

James W. Surane (NC Bar #19296)
20460 Chartwell Center Dr. #3
Cornelius, NC 28031
T: (704)895-5885
jsurane@suranelawpllc.com

Sean Perrin
Womble Bond Dickinson LLP
301 S. College St. #3500
Charlotte, NC 28202
sean.perrin@wbd-us.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date I served the foregoing Plaintiff's Motion to Amend Complaint by Consent of the Parties upon all parties of record via email at sean.perrin@wbd-us.com

This the 29th day of March, 2026,

/s/James W. Surane
James W. Surane (NC Bar #19296)

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

JOSEPH CATALDI,

    Plaintiff,

v.

GARRY MCFADDEN, in his official
capacity as Sheriff of Mecklenburg
County; GARRY MCFADDEN,
individually; JOHN DOE DEPUTIES
1–10, individually and in their official
capacities; THE OHIO CASUALTY
INSURANCE COMPANY, Surety on
the official bond of Sheriff
Garry McFadden,

    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV0

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**AMENDED
VERIFIED COMPLAINT
(Jury Trial demanded)**

**PLAINTIFF'S
EXHIBIT
A**
____

## INTRODUCTION

1. This action arises from the wrongful publication by the Mecklenburg County Sheriff's Office of false, defamatory, and stigmatizing information concerning Plaintiff Joseph Cataldi.

2. On January 10, 2023, Plaintiff was arrested by deputies of the Mecklenburg County Sheriff's Office on felony warrants for obtaining property by false pretenses and felony conspiracy

3. While being booked, Sheriff's deputies took Plaintiff's mugshot and posted it on the Sheriff's official public inmate information website.

4. The Sheriff's Office falsely published that Plaintiff was charged with Felony Class E Sex Act: Sub Parent/Custodian and Sexual Battery

5. These false postings publicly branded Plaintiff as a sex offender and subjected him to humiliation, ridicule, and harassment within his community.

6. All criminal charges actually brought against Plaintiff were later dismissed and expunged from his record

## VENUE AND JURISDICTION

7. Venue is proper in Mecklenburg County pursuant to N.C. Gen. Stat. § 1-76.

8. This Court has jurisdiction pursuant to N.C. Gen. Stat. § 7A-243 and because Plaintiff asserts claims for damages in excess of $25,000.

## PARTIES

9. Plaintiff Joseph Cataldi is a resident of Mecklenburg County, North Carolina.

10. Defendant Garry McFadden is the duly elected Sheriff of Mecklenburg County and is sued herein (i) in his official capacity as Sheriff, and (ii) individually for his personal involvement and supervisory liability.

11. Defendant John Doe Deputies 1–10 are deputies of the Mecklenburg County Sheriff's Office whose names and identities are presently unknown but who participated in, directed, or supervised the acts complained of herein. They are sued in their individual and official capacities.

12. Defendant The Ohio Casualty Insurance Company is the surety on Sheriff McFadden's official bond, pursuant to N.C. Gen. Stat. § 162-8, and is joined to answer for official-capacity claims.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates paragraphs 1–12 as if fully set forth herein.

14. On January 10, 2023, Plaintiff was arrested by Mecklenburg County deputies at his residence on charges of felony obtaining property by false pretenses and felony conspiracy.

15. Deputies booked Plaintiff, took his mugshot, and uploaded his information to the Mecklenburg County Sheriff's public inmate information website.

16. The Sheriff's website falsely listed Plaintiff's charges as "SEX ACT: SUB PARENT/CUSTODIAN – CLASS E FELONY" and "SEXUAL BATTERY"

17. Plaintiff has never been arrested, charged, or indicted for any sexual offense.

18. The false information was publicly accessible online, including Plaintiff's photograph, height, weight, and booking information, and remained available for days.

19. As a result, neighbors, community members, and Plaintiff's family saw the posting and believed Plaintiff had been arrested for sexually assaulting a child or vulnerable person.

20. Plaintiff and his wife received calls from concerned neighbors offering support regarding the supposed sex assault charges

21. Plaintiff suffered extreme emotional distress, humiliation, reputational damage, and ongoing stigma.

22. The Sheriff and his deputies failed to verify the accuracy of charges before publishing them on the Sheriff's website.

23. Sheriff McFadden, as final policymaker, is responsible for the policies, training, and supervision concerning booking procedures and publication of arrest information.

24. The false publication occurred because of the Sheriff's failure to implement adequate policies, training, and supervision, and/or due to the negligence, recklessness, or willful misconduct of deputies under his command.

## CLAIMS FOR RELIEF

### COUNT I – Negligence / Gross Negligence
**(Against Sheriff McFadden in official capacity, Surety, and John Doe Deputies)**

25. Defendants owed Plaintiff a duty to exercise reasonable care in recording, processing, and publishing his arrest information.

26. Defendants breached that duty by publishing false, incorrect, and defamatory charges.

27. Such breach directly and proximately caused Plaintiff severe reputational harm, emotional distress, and other damages.

28. Defendants' conduct was grossly negligent, reckless, and in callous disregard of Plaintiff's rights.

## COUNT II – Defamation (Libel Per Se)
### (Against Sheriff McFadden, individually and officially, and John Doe Deputies)

29. Defendants published false statements that Plaintiff was charged with sexual crimes.

30. These false publications were communicated to third parties via the Sheriff's official website.

31. False accusations of criminal sexual conduct constitute defamation per se under North Carolina law.

32. Plaintiff suffered presumed damages, as well as actual damages to his reputation, standing in the community, and mental health.

## COUNT III – Intentional Infliction of Emotional Distress (IIED)
### (Against Sheriff McFadden, individually and officially, and John Doe Deputies)

33. Defendants' conduct in publishing Plaintiff's mugshot with false sex charges was extreme, outrageous, and beyond the bounds of decency.

34. Such conduct was intended to, or recklessly disregarded the high probability it would, cause Plaintiff severe emotional distress.

35. Plaintiff did in fact suffer severe distress, humiliation, and emotional trauma.

## COUNT IV – Negligent Infliction of Emotional Distress (NIED)
### (Against all Defendants)

36. Defendants negligently published false criminal charges concerning Plaintiff.

37. Such negligence was a foreseeable cause of Plaintiff's severe emotional distress.

38. Plaintiff suffered genuine and severe distress as a result.

## COUNT V – Malicious Prosecution
### (Against Sheriff McFadden and John Doe Deputies, individually and officially)

39. Plaintiff was arrested and prosecuted based on felony warrants initiated without probable cause

40. The charges were terminated in Plaintiff's favor by dismissal and expungement.

41. Defendants' actions were malicious and without justification.

## COUNT VI – 42 U.S.C. § 1983 – Fourteenth Amendment Due Process (Stigma-Plus)
### (Against Sheriff McFadden in official and individual capacity, and John Doe Deputies individually)

42. By publishing false criminal charges of sexual assault, Defendants deprived Plaintiff of a liberty interest in his reputation coupled with tangible harms, including arrest, humiliation, and loss of standing in the community.

43. Defendants acted under color of state law.

44. Sheriff McFadden, as final policymaker for the Sheriff's Office, ratified or caused the unconstitutional conduct.

## COUNT VII – 42 U.S.C. § 1983 – First Amendment Retaliation (Alternative Theory)

45. To the extent Defendants' actions were intended to retaliate against Plaintiff for asserting his innocence, filing complaints, or exercising protected speech, such conduct violated his First Amendment rights.

<div align="center">

### DAMAGES

</div>

46. Plaintiff seeks compensatory damages in excess of $25,000, punitive damages under Chapter 1D, attorney's fees under 42 U.S.C. § 1988, and all other relief the Court deems just.

<div align="center">

### PRAYER FOR RELIEF

</div>

WHEREFORE, Plaintiff respectfully requests this Court:

1. Enter judgment against Defendants on all counts;

2. Award compensatory damages in an amount exceeding $25,000;

3. Award punitive damages as allowed by law;

4. Award attorney's fees and costs;

5. Grant such other and further relief as the Court deems just.

This the 29 day of March, 2026.

/s/James W. Surane
James W. Surane (NC Bar #19296)
Attorney for Plaintiff
20460 Chartwell Center Dr. #3
Cornelius, NC 28031
T: (704)895-5885
F: (866)410-6311
jsurane@suranelawpllc.com